## THE FLORIDA.

### HILLS et al. v. THE FLORIDA.

#### (District Court, E. D. New York. May 27, 1895.)

SHIPPING—DAMAGE TO CARGO—NEGLIGENCE IN DISCHARGING.

A steamship *held* liable for damage where bags of filberts, in the course of discharging, were placed so near the coal bunkers that dust from the coal blew upon and through the bags.

This was a libel by John Hills and others against the steamship Florida to recover for damage to certain bags of filberts, constituting part of her cargo.

Carpenter & Park, for libelants.
Convers & Kirlin, for claimants.

BENEDICT, District Judge. This is an action to recover of the steamship Florida for alleged damage to 383 bags of filberts, caused by coal dust upon the filberts. These filberts were part of a consignment shipped from the port of Messina on board the steamship Florida, which arrived in New York about August 5, 1890. Upon their discharge on the dock a large number of the bags were found to be covered with coal dust, and considerably damaged thereby. The allegation of the libel is that the cargo in question was damaged by coal dust from the bunkers of the ship permeating said bags, and damaging their contents, and that the same was caused by negligence and improper attention on the part of the master of the vessel, his agents and servants. Although some point has been made upon the testimony as to the sufficiency of the evidence to show that the filberts in question came by the steamship Florida, the testimony, taken together, leaves no doubt on that point; and it is found that the filberts were transported in the steamship Florida, and that they were damaged by the coal dust, as alleged in the libel. It is true that the evidence shows good stowage of the filberts on board the

ship, and makes it plain that no coal dust from the bunkers could have reached them while so stowed; but this fact, taken with the fact that the filberts, when landed, were covered with coal dust, would warrant the inference that the filberts were permitted to come in contact with coal dust while discharging. But the case is not left to depend upon this inference. There is positive proof in the case that the filberts, while discharging, were placed by the bunkers of the ship where the coal was put down, and that coal dust blew right through the bags of filberts. It must therefore be found that the filberts were damaged by negligence on the part of the ship. For such negligence as this the ship is not absolved by the terms of the bill of lading, under the law of this country. Let there be a decree for the libelants, with an order of reference to ascertain the amount.